UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Sophia Parker, pseudonymously,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>Bally's Corporation, et al.,<br><br>　　　　　　Defendants | Case No.: 2:24-cv-01880-CDS-MDC<br><br>**Order Granting Defendants Tropicana, Excalibur, and Wynn's Motions to Dismiss, Denying Defendant Motel 8's Motion to Dismiss, and Granting Defendant Wynn's Motion for Leave**<br><br>[ECF Nos. 40, 41, 43, 55, 64] |

　　　　This is a civil action brought by plaintiff Sophia Parker[1] in the Eighth Judicial District Court, Clark County, Nevada in September 2024, against defendants Tropicana Las Vegas Hotel and Casino, Inc., Tropicana Las Vegas, Inc., Onex Corp., Penn Entertainment, Inc., Bally's Corporation, MGM Resorts International, New Castle, LLC, Chang Wen-Tzu, and The Eight

---

[1] In the first amended complaint, plaintiff asks for a protective order pursuant to Nevada Rule of Civil Procedure 26(c) to permit use of a pseudonym and to forbid the parties from disclosing the plaintiff's current legal name to third parties without consent or court approval. ECF No. 32 at 2, ¶ 2. She makes a similar request in her opposition to the motions to dismiss. *See* ECF No. 63 at 3, n.1. This is improper for several reasons. First, the Nevada Rules of Civil Procedure do not apply to this sort of request. Second, this District's local rules require that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Local Rule IC 2-2(b). Parker has not filed a motion for a protective order, nor have defendants challenged the use of a pseudonym. Nonetheless, for judicial efficiency, I address the request here. The default rule in civil litigation, embodied in Federal Rule of Civil Procedure 10(a), is that "[t]he title of the complaint must name all the parties." The Ninth Circuit permits "parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The decision to grant or deny permission to proceed anonymously is committed to the district court's discretion. *Id.* at 1068. In determining whether a litigant may proceed under a pseudonym, a district court balances: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the opposing party; and (5) the public interest." *Doe v. City of El Monte*, 2020 WL 13587978, *1 (C.D. Cal. Jan. 29, 2020) (citing *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Because Parker addresses none of these factors, her request is denied without prejudice. She is ordered to file a motion seeking this relief as set forth in this order.

Seasons, Inc.[2] Parker brings two claims: one pursuant to Title 18, United States Code, Section 1595 (the Trafficking Victims Protection Reauthorization Act (TVPRA)), and one alleging Intentional Infliction of Emotional Distress. *See* First am. compl. (FAC), ECF No. 32. Defendants Penn Entertainment, Inc., Tropicana Las Vegas, Inc., Tropicana Las Vegas Hotel and Casino, Inc., Bally's Corporation, Onex Corp., MGM Resorts International, New Castle, LLC (hereinafter, Excalibur), Wynn Las Vegas, LLC, and The Eight Seasons, Inc. (hereinafter, Motel 8) removed this action to this court on October 24, 2024,[3] and now move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mots., ECF Nos. 40, 41, 43, and 55. Included in Motel 8's motion is a motion for a more definite statement and a motion to strike.[4] ECF No. 55 at 19–20. Parker opposes the motions. She filed an omnibus response to the Tropicana, Excalibur, and Wynn motions, and a separate response to Motel 8's motion. Omnibus Opp'n, ECF No. 46; Motel 8 Opp'n, ECF No. 63.[5] Also pending before the court is an unopposed motion for leave to file supplemental authority filed by defendant Wynn Las Vegas, LLC. Mot., ECF No. 64. For the reasons set forth herein, I grant the motions to dismiss filed by Tropicana, Excalibur, and Wynn, but deny Motel 8's motion. Because Wynn's motion for leave to file supplemental authority is unopposed,[6] the motion granted.

I.   **Legal Framework**

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[2] Defendants The Mirage Casino-Hotel, LLC and Astral Hotels Las Vegas, Inc., were voluntarily dismissed from this action on October 2, 2024, and February 4, 2025, respectively. ECF No. 1-3 at 2; ECF No. 53.
[3] *See* Pet. for removal, ECF No. 1.
[4] These requests are denied without prejudice as improper. *See* Local Rule IC 2-2(b).
[5] These motions are fully briefed. *See* Wynn reply, ECF No. 47; Tropicana, et al. reply, ECF No. 48; Excalibur, et al. reply, ECF No. 49; Motel 8 reply, ECF No. 65.
[6] *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities . . . constitutes a consent to the granting of the motion.").

A pleading must give fair notice of a legally cognizable claim and a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Rule 15 of the Federal Rules of Civil Procedure advises that the Court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

## II. Discussion

Parker alleges that she was trafficked and abused by her half-brother, Edmund Ho, from approximately 2011 to 2014. *See* ECF No. 32 at 11–14; 21. She further alleges that the defendants knowingly permitted and welcomed sex trafficking on their respective properties, which allowed her to be victimized by Ho. *See id.* All defendants[7] move to dismiss the FAC for failing to

---

[7] For ease and for consistency when referencing the FAC, defendants Penn Entertainment, Inc., Tropicana Las Vegas, Inc., Tropicana Las Vegas Hotel and Casino, Inc., Bally's Corporation, Onex Corp. are referred to collectively as "Tropicana," defendants MGM Resorts International and New Castle, LLC

state a claim, arguing that the allegations raise complaints against Las Vegas and its hospitality industry in general, but fail to lodge sufficiently specific allegations against each of them to meet basic pleading requirements that would give rise to a cognizable claim. *See* ECF Nos. 40 (Tropicana), 41 (Excalibur), 43 (Wynn), 55 (Motel 8). Defendants also argue that both claims are time-barred. *Id.* Tropicana and Excalibur also argue that the FAC should be dismissed as a shotgun pleading. Tropicana, ECF No. 40 at 9–11; Excalibur, ECF No. 41 at 7–8.

In her omnibus opposition to the motions to dismiss filed by defendants Tropicana, Excalibur, and Wynn, Parker concedes her IIED claim is untimely, so their motion to dismiss this claim is granted. *See* Omnibus opp'n, ECF No. 46 at 15. And because Parker's opposition to Motel 8's motion to dismiss does not address that her claim of intentional infliction of emotional distress is time-barred, I grant Motel 8's motion on that claim and only discuss the remaining Trafficking Victims Protection Reauthorization Act claim here. *See* Local Rule 7-2(d).

### A. Parker's TVPRA claim is not time-barred.

All defendants argue that Parker's TVPRA claim is time barred. Rule 12(b)(6) dismissal on statute of limitations grounds can only be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Thus, courts cannot dismiss a claim unless the plaintiff undoubtedly fails to allege any set of facts proving the timeliness of the claim. *United States v. Page*, 116 F.4th 822, 825–26 (9th Cir. 2024).

"The TVPRA requires all claims to be brought within 10 years after either the cause of action arose or the victim reaches 18 years of age, whichever is later. 18 U.S.C. § 1595(c) . . . ." *C.C. v. Rashid*, 2024 WL 5200543, at *7 (D. Nev. Dec. 20, 2024); *Catelyn H. v. G6 Hosp., LLC*, 2025 U.S. Dist. LEXIS 57162, at *6 (D. Nev. Mar. 26, 2025) (same). The face of the FAC does not state how old Parker was when the alleging trafficking began, but it is clear she was over the age of

---

are referred to collectively as "Excalibur," and defendant "The Eight Seasons, Inc." is referred to as Motel 8.

eighteen, *see* ECF No. 32 at 11, ¶¶ 56–59 (discussing Parker meeting her half-brother turned pimp after she turned eighteen years of age). Thus, the question is whether this case was timely filed. Parker argues that her case is timely because, although she filed the claim on September 3, 2024, and alleges being trafficked September 1–2, 2014—one or two days outside the ten-year window—September 2, 2024 was Labor Day and September 1, 2024 was a Sunday. She points to Federal Rule of Civil Procedure 6(a), which states that if the "last day of a limitations period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a). Omnibus opp'n, ECF No. 46 at 21; Opp'n to Motel 8's mot., ECF No. 63 at 4, 11. The FAC also alleges that she was forced to "pick up johns" at the Wynn, Tropicana, Excalibur, Motel 8[8] through "early December 2014." ECF No. 32 at 12, ¶ 73; 13, ¶¶ 76, 83. While quite general, these allegations are sufficient to establish the timeliness of her claims, so all defendants' motions to dismiss on statute of limitations grounds is denied.

### B. Defendants Tropicana, Excalibur, and Wynn's motions to dismiss for failure to state a claim is granted but defendant Motel 8's motion is denied.

The TVPRA imposes both criminal and civil penalties for sex trafficking. As relevant here, § 1595 is the civil liability statute that gives citizens a private right of action against sex traffickers and those who financially benefit from trafficking activities (known as "beneficiary liability"). 18 U.S.C. § 1595(a). Specifically, that statute permits

> [a]n individual who is a victim of a violation of [18 U.S.C. § 1591 to] bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees.

---

[8] The FAC groups all defendants into four subgroups. *See* ECF No. 32 at 2–3.

18 U.S.C. § 1595(a). Section 1591 of Title 18 is the statute criminalizes sex trafficking. It provides:(a) Whoever knowingly—

> (1) in or affecting interstate or foreign commerce, . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

*See* 18 U.S.C. § 1591(a).

Courts have consistently interpreted § 1591 broadly to encompass various forms of exploitation. *See Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740 (C.D. Cal 2024) (discussing that remedial statutes require expansive interpretation, so the definition of "victim" under the TVPRA is broad and includes victims subjected to non-physical forms of coercion, such as psychological manipulation or financial harm); *Doe K.R. v. Choice Hotels*, 2024 U.S. Dist. LEXIS 104200, at *6 (M.D. Fla. June 12, 2024) ("victim" under the TVPRA is an "individual harmed as a result of a crime under this chapter").

There is no real dispute that Parker qualifies as a victim under the TVPRA. Rather, the heart of the defendants' motion to dismiss for failing to state a claim is over whether Parker lodged sufficient allegations to demonstrate that the defendants are subject to either perpetrator or beneficiary liability under § 1595(a).[9] I address each type of liability in turn.

---

[9] ECF No. 32 at 12, ¶¶ 70–73 (allegations regarding being forced to engage in trafficking at the defendants' properties between 2011 and 2024); *id.* at 13, ¶ 84 ("[Defendants] continued to take money from sex tourists in exchange for providing rooms in which the sex tourists could continue to victimize [Parker].")

### 1. *Perpetrator liability*

Parker contends that the defendants are "perpetrators" because "they harbored her while being reckless with regard to a substantial risk that she was being trafficked." ECF No. 32 at 21, ¶ 152. Defendants move to dismiss these allegations arguing that Parker fails to establish that they "harbored" her. *See* Tropicana, ECF No. 40 at 10–15; Excalibur, ECF No. 41 at 11–13; Wynn, ECF No. 43 at 13–14; Motel 8, ECF No. 55 at 12–15. Parker responds that "[f]or years" the defendants "knowingly and repeatedly **harbored** Sophia for the purpose of enabling their many sex-tourist guests to obtain and engage in commercial sex with her." Omnibus opp'n, ECF No. 46 at 7 (emphasis added); Opp'n to Motel 8, ECF No. 63 at 7–9.

In *Does v. Reddit, Inc.*, the Ninth Circuit held that a "defendant [must] know the facts that make [its] conduct illegal." 51 F.4th 1137, 1143 (9th Cir. 2022) (quoting *United States v. Collazo*, 984 F.3d 1308, 1324 (9th Cir. 2021) (quoting *Staples v. United States*, 511 U.S. 600, 605 (1994))). While that case is readily distinguishable because it discussed liability against a website which cannot "harbor" a person in any way a hotel might be able to, the holding that a defendant cannot be liable for trafficking if the defendant did not "knowingly" facilitate the trafficking in violation of 18 U.S.C. § 1591 applies here. *Id.* As stated in *Reddit*, in order "[t]o run afoul of § 1591, a defendant must **knowingly** benefit from and **knowingly** assist, support, or facilitate sex trafficking activities" and that "[m]ere association with sex traffickers is insufficient absent some knowing 'participation' in the form of assistance, support, or facilitation. *Id.* at 1145 (emphasis added) (citing 18 U.S.C. § 1591(e)(4)). Moreover, *Reddit* determined that § 1591 does not "target those that merely 'turn a blind eye to the source of their [revenue].'" *Id.* (quoting *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016)). Rather, "knowingly benefitting from participation in such a venture requires actual knowledge and 'a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit.'" *Id.* (quoting *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019)).

The allegations in the FAC seek to make all liable for turning a blind eye to a source of income. These allegations against these defendants are insufficient to meet the "knowingly" requirement set forth in the plain language of § 1595 and upheld under *Reddit*. Indeed, there are no allegations that the defendants paid for or rented hotel rooms to Parker or for Parker. Rather, the allegations show that "johns" or her former pimp rented hotel rooms, and then Parker engaged in sex acts in them. There are no allegations that Parker herself repeatedly rented hotel rooms from defendants: the FAC specifically states that the defendants "took money from sex tourists in exchange for providing them rooms" for sex tourism purposes, which allowed Parker to be victimized. ECF No. 32 at 13, ¶ 84. The FAC also lacks in any allegations that the defendants would have known that the specific rooms rented for or used by Parker were directly involved in sex trafficking. *Compare J.C. v. Choice Hotels Int'l*, 2020 WL 6318707, at *5 (N.D. Cal. Oct. 28, 2020) (plaintiff "sufficiently allege[d] details" of apparent trafficking "red flags" at the defendant hotels, including "traffickers checking [plaintiff] in and then not proceeding to the room; paying for the room in cash and paying in smaller increments; [and] a steady stream of men, who were not registered hotel guests, entering and exiting [plaintiff's] room" (cleaned up)); *Doe v. Esa P Portfolio, LLC*, 2024 U.S. Dist. LEXIS 116897 (W.D. Wa. July 2, 2024) (customers would arrive at and leave the hotel at "unusual hours," staying "for brief periods of time," men gathering outside the plaintiffs room, "[l]oud noises and yelling [that could be heard by guests," and "multiple" hotel employees (including managers) "observed and/or were made aware of" of the signs of trafficking, and plaintiff was "constantly" being guarded or escorted by her trafficker or his associates, including sitting outside her room, which placed hotel staff on reasonable notice she was being "harbored" or "maintained")).

And Parker cites no authority to support her argument that by simply providing hotel rooms to guests (shelter), some of which then were used for commercial sex acts by Parker, equates to "harboring" the guests and—as argued in her opposition—"by extension," Parker herself. *Id.* at 13. Further, Parker's unsupported allegations that the casino-defendants "should

have known" Parker was being trafficked because they watched her grow thinner and had bruises, all while leading guests up to their hotel rooms to engage in commercial sex acts,[10] are speculative. Although Parker alleges that security personnel at each hotel would watch her go up to a room with a male guest only to return approximately an hour later, *see* ECF No.32 at 20, ¶ 136, at best this demonstrates the defendants' knowledge that she was engaging in sex work. Without more, it cannot be said that the defendants were on notice that she was being sex trafficked as defined in § 1591. Last, the bare allegation that the defendants prevented law enforcement from stopping her trafficking activities is also insufficient.[11] Not only are they conclusory, but Parker also fails to support her argument with points and authorities. Without points and authorities, Parker consents to this portion of Tropicana, Excalibur, and Wynn's motions to dismiss being granted, their motion to dismiss based on perpetrator liability and "harboring" are granted without prejudice and with leave to amend.[12]

---

[10] *See* ECF No. 32 at 13, ¶ 78 ("During 2013 and 2014, Sophia regularly sported bruises on her face and other parts of her body that were exposed by the revealing clothing she was forced to wear."); *id.* at ¶ 81 (Parker's "status as a victim of significant physical abuse was obvious to anyone who saw her. Multiple employees of the Wynn, the Tropicana, the Excalibur, and the Motel 8 Plus would have seen her bruises and scars."); *id.* at ¶ 82 ("Many of the employees who noticed [Parker]'s pattern of behavior during the period from 2011 through August of 2014 would have concluded that she was engaged in commercial sex work, and most of the employees who realized [Parker] was engaged in sex work would have known that [Parker] was likely coerced because most sex workers are victims of coercion.")' *id.* at ¶ 83 ("On information and belief, at each of the Wynn, the Tropicana, and the Excalibur, at least one employee who had previously concluded [Parker] was likely a trafficking victim witnessed [Parker]—now thinner and sporting additional injuries—continuing to pick up johns on their gaming floors during the period from September 1, 2014 through December 2014.").

[11] Other courts in this circuit have determined that the TVPRA does not place an affirmative duty on businesses like hotels to police or prevent sex trafficking. *See Catelyn H.*, 2025 U.S. Dist. LEXIS 57162, at *11 (citing *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1027 (D. Or. 2021) ("[T]he TVPRA does not impose an affirmative duty to police and prevent sex trafficking.") and *B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *7 (N.D. Cal. July 30, 2020) ("To be clear, the Court does not read section 1595 of TVPRA [as] requiring hotels or their franchisors to affirmatively stop sex trafficking.")). I agree with the reasoning set forth in these decisions and adopt it here.

[12] Because this court dismisses the FAC on other grounds, I need not reach a determination on the issue of "shotgun" pleading as raised by Tropicana and Excalibur, and Tropicana's alternative requested relief of a more definite statement is denied as moot.

2. *Beneficiary liability*

The requirements for beneficiary liability under the TVPRA are: (1) the person or entity must "knowingly benefit[ ], financially or by receiving anything of value," (2) from participating in a venture, (3) that the "person knew or should have known has engaged in an act in violation of [the TVPRA]." *Acevedo*, 713 F. Supp. 3d at 774 (citing *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 964 (S.D. Ohio 2019)). The court imposes a negligence standard when determining whether a participant in a venture "knew or should have known" that a venture was engaged in trafficking. *C.C. v. Rashid*, 2025 WL 1785273, at *8 (D. Nev. June 26, 2025) (quoting *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1177 (9th Cir. 2022) ("The phrase 'knew or should have known' usually connotes negligence," which is "a less culpable mental state than actual knowledge or recklessness."). The venture does not need to be specific to sex trafficking. Rather, a venture "can also be a business whose primary focus is not on sex trafficking." *Tyla D. v. MGM Resorts, Int'l*, 2024 WL 4839744, at *3 (D. Nev. Nov. 19, 2024) (citing *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 554 (7th Cir. 2023) (quotation omitted)). As to the third program, "[i]t is not enough to establish a defendant's knowledge of general commercial sex taking place at its property." *C.C. v. Rashid*, 2024 WL 5200543, at *10 (quoting *Tyla D.*, 2024 WL 4839744, at *4). Rather, a plaintiff must allege that defendants knew or should have known of a venture that involved sex trafficking by force, threat of force, or coercion. *Id.*

Drawing all inferences in favor of Parker, I find the FAC sets forth sufficient allegations to meet the first two elements for all defendants: a knowing benefit and participation in the venture. As to the knowing benefit, the FAC alleges that the defendants financially benefitted from Parker's trafficking because they made money off of the many johns who victimized her,[13]

---

[13] ECF No. 32 at 12, ¶¶ 71–72 (alleging Parker was picked up by johns 100 times each at Tropicana and Excalibur, and between one and 100 times at the Wynn); *id.* at 13, ¶ 76 (Parker was forced to have commercial sex with johns inside rented Motel 8 hotel rooms); *id.* at 12, ¶¶ 67–68, 72 (pimps forcing Parker to have sex inside casinos, namely the defendant's casinos, to make them money); *id.* at 12, ¶ 74 (Parker would go up to the johns' hotel rooms to engage in commercial sex); *id.* at 19, ¶ 133 (defendants attract high rollers using commercial sex which results in "increased gambling, room rental, shopping,

there is an unspoken rule that "johns" will not be arrested inside hotels like the defendants to encourage commercial sex/sex tourism,[14] that the statistics of men versus women arrested for prostitution support this unspoken rule,[15] that the casinos "create an environment where the legal penalties for sex tourism apply almost exclusively to the women/victims,[16] and that the defendants did nothing to stop Parker from being trafficked because it would potentially upset their paying hotel guests.[17] This last allegation, together with the allegations that (1) Parker repeatedly returned to all defendant-hotels to meet up with johns,[18] (2) the Wynn, the Tropicana, and the Excalibur use facial recognition software to rid their properties of seemingly unattractive or unappealing sex workers,[19] (3) that security personnel at each hotel would watch her go up to a room with a male guest only to return approximately an hour later,[20] (4) the Wynn, the Tropicana, and the Excalibur trained their employees to recognize human trafficking,[21] and (5) public reviews demonstrate that even untrained members of the public recognized sex workers inside the defendants' properties and wrote public reviews about it,[22] are sufficient to show the defendants knowingly participated in the venture of Parker's trafficking. As Chief Judge Gordon found in *Tyla D.*, "[o]perating a casino is a commercial venture and it is reasonable to infer that operating a hotel and casino necessarily involves many persons and entities taking part 'in a common undertaking or enterprise involving risk and potential profit.'" 2024 WL 4839744, at *3 (quoting *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021)).

---

and food and drink revenues"); *id.* at 20, ¶ 140 (defendants were willfully blind to "please their clientele and to pad their bottom lines").
[14] *Id.* at 9, ¶ 45.
[15] *Id.* at 17.
[16] *Id.* at 16, ¶ 109.
[17] *Id.* at 20, ¶¶ 139–40.
[18] *Id.* at 12–13.
[19] *Id.* at 20, ¶ 134.
[20] *Id.* at ¶ 136.
[21] *Id.* at 20, ¶ 142.
[22] *See id.* at 17–19.

Where the FAC fails as to defendants Tropicana, Excalibur, and Wynn is at the third element. Parker's FAC must plausibly put forth facts indicating that the defendants knew or should have known that she was being sex trafficked with force, threat of force, or coercion. *See Acevedo*, 713 F. Supp. 3d at 774. Alleging that Parker was engaged in commercial sex work is insufficient. Here, Parker broadly claims she was often visibly bruised[23] and, over time, became thinner and bore scars from past beatings,[24] so defendants "should have known" she was being trafficked.[25] But these allegations are "[c]onclusory statements that certain things are 'obvious signs of sex trafficking' [that] do not satisfy the pleading standard." *A.B. v. Extended Stay Am. Inc.*, 2023 WL 5951390, *6 (W.D. Wash. Sept. 13, 2023). Like the *A.B.* case, the FAC fails to identify or describe any specific interactions with hotel staff, or instances where any staff at the Tropicana, Excalibur, or Wynn did or could have witnessed or heard any sort of violence or coercion upon Parker, nor does she allege that Tropicana, Excalibur, or Wynn had some sort of demonstrated relationship with Parker's traffickers that would satisfy the "knew or shown have known" plausibility standard. *Compare B.J. v. G6 Hosp., LLC*, 2023 WL 6120682, at *4 (N.D. Cal. Sept. 18, 2023) (hotels had a "continuous business relationship" of renting rooms to traffickers); *J.M. v. Choice Hotels Int'l, Inc.*, 2023 WL 3456619, at *2 (E.D. Cal. May 15, 2023) (hotel staff rented rooms to trafficker "away from other guests" and instructed johns to hurry up as they entered and left her room); *C.C. v. Rashid*, 2024 WL 5200543, at , at *10 (allegations that some defendants "accepted 'kickbacks' or some form of under-the-table money for connecting Plaintiff with clients interested in purchasing sex" were sufficient to show that they knew or should have known); *Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017) (hotel operator and trafficker exchanged high fives and discussed "getting this thing going again" in reference to sex trafficking operation); *T.P. v. Wyndham Hotels & Resorts, Inc.*, 2022 WL 17363234, at *8 (S.D. Ohio Dec. 1, 2022) (plaintiff alleged visible injuries and that her trafficker openly beat her in front of

---

[23] *Id.* at 13, ¶¶ 78, 79, 81.
[24] *Id.* at 13, ¶ 82.
[25] *See id.* at 13, ¶ 82.

hotel staff, some of whom engaged in sex acts with victim); *M.A. v. Wyndham*, 425 F. Supp. 3d at 967 (complaint alleged that hotel staff ignored victim's "desperate pleas and screams for help," as well as the defendant's violence against victim). Accordingly, Tropicana, Excalibur, and Wynn's motions to dismiss the FAC based on beneficiary liability is granted without prejudice and without leave to amend.

Motel 8, however, is different. Although a close call, the FAC plausibly alleges that Motel 8 knew or should have known that Parker was being sex trafficked given her frequent use of their hotel rooms, her visible bruises and injuries, and her weight loss, coupled with the additional allegations that while staying at the Motel 8 in early December 2014, Parker's sex trafficker "starved, beat, and tortured [her] inside" one of their rooms over the course of several days. ECF No. 32 at 14, ¶ 87. It further alleges that Parker screamed and pleaded for help on numerous occasions, that those cries for help were easily audible, and that Motel 8 employees did nothing to intervene. *Id.* at ¶ 88. Eventually, Parker's trafficker ran out of money, so they were evicted, *id.* at ¶ 89, and as Parker and her trafficker were leaving the property, Parker collapsed in the parking lot where she was left "for dead" by her trafficker from the injuries he inflicted upon her. *Id.* at ¶ 90. Stated otherwise, Motel 8 kicked Parker and her trafficker out when it stopped getting money from them, but not while Parker was subjected to daily beatings. An unidentified person called an ambulance for Parker. *Id.* at ¶ 91. Parker's injuries included a collapsed lung, a broken nose and eye socket, multiple broken bones, dehydration-induced kidney damage, and bruising. *Id.* at ¶ 92. As a result of her injuries, Parker spent two weeks in a medically induced coma. *Id.* at ¶ 91. These allegations are sufficient to survive Motel 8's motion to dismiss because there are more than just conclusory statements that an employee "would have noticed" or "would have known" Parker was being trafficked. Instead, the FAC alleges that Parker was "frequently" forced to have sex with johns at the Motel 8, that she was trapped in a room at the Motel 8 for days while being beaten by her trafficker, and that she audibly and repeatedly cried for help while being beaten, but no one from Motel 8 did anything to intervene,

13

only evicting Parker and her trafficker after their payments stopped. *See A.B. v. Interstate Mgmt. Co., LLC*, 2024 U.S. Dist. LEXIS 234625, *5–7 (D. Or. Dec. 31, 2024) (plaintiff's allegations of visible signs of malnourishment, trafficker exerting control over her in public places, and trafficker yelling at her and throwing her on the bed or against the wall in the hotel room causing loud noises were sufficient to survive a 12(b)(6) motion). As this stage of the proceeding, this is sufficient to survive a motion to dismiss for failing to state a claim, as all three elements of beneficiary liability under TVPRA are met. So Motel 8's motion to dismiss Parker's beneficiary liability claim is denied.

### III. Conclusion

IT IS HEREBY ORDERED that defendants Tropicana Las Vegas Hotel and Casino, Inc., Tropicana Las Vegas, Inc., Onex Corp., Penn Entertainment, Inc., and Bally's Corporation's motion to dismiss **[ECF No. 40] is GRANTED**.

IT IS FURTHER ORDERED that MGM Resorts International and New Castle, LLC's motion to dismiss **[ECF No. 41] is GRANTED**.

IT IS FURTHER ORDERED that Wynn Las Vegas's motion to dismiss **[ECF No. 43] is GRANTED**.

IT IS FURTHER ORDERED that The Eight Seasons, Inc.'s motion to dismiss **[ECF No. 55] is DENIED**.

IT IS FURTHER ORDERED that Wynn's motion for leave to file supplemental authority **[ECF No. 64] is GRANTED** as unopposed.

IT IS FURTHER ORDERED that Parker must file a motion seeking to proceed using a pseudonym by September 3, 2025.

IT IS FURTHER ORDERED that the plaintiff must file proof of service as to defendant Chang Wen-Tzu on or before September 3, 2025.[26] Failure to comply by September 3 will result in dismissal of the action without prejudice as to Chang Wen-Tzu without further notice.

Dated: August 20, 2025

_____
Cristina D. Silva
United States District Judge

---

[26] The amended complaint was filed on November 19, 2024. ECF No. 32. To date, there is no proof of service filed as to defendant Chang Wen-Tzu. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Service on the party must have taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period.