**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SOPHIA PARKER., pseudonymously,

    Plaintiff,

vs.

THE EIGHT SEASONS, INC.,

    Defendant.

Case No. 2:24-cv-1880-CDS-MDC

**PROTECTIVE ORDER RE**
**PLAINTIFF'S IDENTITY**

**<u>PROTECTIVE ORDER</u>**

Pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 5.2, and its inherent authority, the Court hereby orders the entry of the following Protective Order in this matter.

1. Considering the highly sensitive nature of the issues involved, Plaintiff is permitted to proceed pseudonymously throughout the pre-trial course of these proceedings to avoid further trauma and stigma to Plaintiff. The Parties exclusively will reference the Plaintiff through the pseudonym "Sophia Parker" or as "Plaintiff" in all pre-trial public filings, throughout the course of discovery, and in all pre-trial public Court proceedings.

2. Counsel for Plaintiff shall provide to the respective counsel for the Defendants the true identity of Plaintiff upon the entry of this Protective Order by the Court. As used herein, True Identity means Plaintiff's full current legal name and her current residence and workplace.

The Parties may designate as "True Identity" any documents, testimony, written responses, or other materials produced in this case that contain information, data, or tangible items that reflect Plaintiff's True Identity, including photographs showing her current residence or workplace or any part thereof or documents listing her current legal name or physical addresses of residences or workplaces. Any documents referring to Plaintiff as "Sophia Parker," without reference to her current legal name or current residence or workplace addresses, will not be designated as "True Identity."

Notwithstanding the foregoing, Defendants expressly reserve their respective rights to request from Plaintiff during the course of discovery any other information that is linked or linkable to her True Identity, such as, but not limited to, any medical, educational, financial,

employment, or other information.

3.      Plaintiff represents that disclosure of her identity within the context of this Action will subject her to further trauma and stigma. Plaintiff further represents that she has taken steps to prevent disclosure of her True Identity in conjunction with this Action, that she is unaware of any public disclosure of Plaintiff's True Identity in conjunction with this Action, and that she does not intendent to publicly disclose her True Identity in conjunction with this Action, on social media or otherwise. If Defendants become aware of any public disclosure of Plaintiffs True Identity in conjunction with this Action by Plaintiff or her counsel, Defendants may apply to the Court for relief from the restrictions imposed in this protective order related to nondisclosure of Plaintiff's Identity.

4.      The Parties shall clearly mark any materials or information that contain Plaintiff's True Identity with the term "TRUE IDENTITY" and the Parties shall follow the procedures and requirements of this Protective Order concerning any materials or information containing references to Plaintiff's True Identity.

5.      No Party shall share any document, without providing 30 days' notice to Plaintiff, containing True Identity information, with Edmund Ho or any other known or suspected trafficker of Plaintiff (as identified in Plaintiff's Rule 26 disclosures and supplements thereto), nor shall any Party otherwise reveal Plaintiff's True Identity to Edmund Ho or any other known or suspected trafficker of Plaintiff (as identified in Plaintiff's Rule 26 disclosures and supplements thereto) without providing 30 days' notice to Plaintiff. Plaintiff may, in response, file a motion for protective order within that 30-day notice period. No party may share her True Identity in a manner inconsistent with this paragraph until the court rules on that protective order.  Nothing in this Protective Order prevents Defendants from sharing information or documents designated as True Identity with any other individuals or entities so long as doing so is necessary for the defense of this matter.

6.      All Parties and any third parties appearing or submitting filings in this case are required to redact the True Identity and any identifying information (for example, full name, residential

address, or workplace name or address) of Plaintiff in their filings with the Court.

7. The Court highly discourages the manual filing of any pleadings or documents under seal. Nothing in this Protective Order authorizes the filing of protected materials under seal. This means that documents may not be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Thus, the Parties may seek the Court's permission to file documents that are necessarily unredacted under seal in accordance with this process.

8. To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Order, such Party or non-party should seek leave of Court prior to submitting any such filing.

9. The Parties agree that Plaintiff's medical records and medical billing will be identified and treated as confidential material and will be marked clearly with "True Identity" if they contain Plaintiff's current legal name or current residence or workplace addresses.

10. The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are disputes relating to this Protective Order.

11. The Parties intend to submit a further stipulated protective order governing the confidentiality of business documents to be exchanged in discovery in this case.

   **IT IS SO ORDERED.**

Date: January 27, 2026

_____
MAXIMILIANO D. COUVILLIER, III
UNITED STATES MAGISTRATE JUDGE

3